IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JOSHUA DILLON HAYNES,**<br><br>Defendant. | **21-MJ-489** |

## GOVERNMENT'S EMERGENCY MOTION TO REVOKE BOND AND ISSUE AN ARREST WARRANT PURSUANT TO 18 U.S.C. § 3148(b)

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby moves this Court pursuant to 18 U.S.C. § 3148(b) to issue a warrant for the arrest of defendant Joshua Dillon Haynes for substantial violations of his pre-trial release, and to revoke his pre-trial release order and detain him pending a trial of this matter. On July 27, 2021, the defendant was arrested on state assault charges, including malicious bodily injury. Some of these charges are related to incidents of assault which occurred on July 27, 2021, while he was on pre-trial release and bond conditions in this case.

I.   **BACKGROUND**

On June 22, 2021, a magistrate judge in the District of Columbia issued an arrest warrant for the defendant for multiple violations, including 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1752, 40 U.S.C. § 5104, and 18 U.S.C. § 1363. The defendant was arrested on July 1, 2021, in the Western District of Virginia, and released subject to certain conditions, consistent with 18 U.S.C. § 3142, including that he not violate any federal, state, or local law while on release.

The defendant appeared in court in the District of Columbia on July 8, 2021. The government requested, and the Court issued an order, subjecting the defendant to home

incarceration, with location monitoring, except for mental health and Court appointments, and issued the pre-trial release order on July 8, 2021. *ECF No. 8*. The Court's pre-trial release order included a provision prohibiting the defendant from violating any federal, state, or local laws while on release. *Id.*

On July 27, 2021, the defendant was arrested at his residence in Covington, Virginia, on the charges of malicious bodily injury (felony), strangling (felony), and multiple misdemeanor charges for assault on a family member, and one count of destruction of property. *See Exhibit 1*. A Notice of Violation was filed in the District of Columbia. *ECF No. 10*. He has been in custody on the state charges since July 27 in Alleghany County, Virginia. The government has obtained the police reports underlying the state arrest warrant, which have been provided to defense counsel in this matter, and will be filed under seal. These reports detail the domestic violence assaultive conduct that is the subject of the defendant's state arrest warrant, and demonstrate that the defendant has engaged in this conduct as recently as July 27, 2021.

## II.     ARGUMENT

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Upon the government's motion to revoke a release order, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court,

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –
>
> (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; **and**

2) finds that (A) based on the factors set forth in section 3142(g) . . . , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." *Id.*

Notably, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.* The rebuttable presumption in this case is triggered by the defendant's arrest on multiple state charges, including two felony charges, one for strangulation and one for malicious bodily injury Thus, there is probable cause to believe that the defendant committed multiple violations of state law while he was on home incarceration for his criminal conduct on January 6, 2021, creating a rebuttable presumption that detention is appropriate in this case.

The defendant should be detained pending trial because he has committed serious violation of his release conditions that place the public at risk. As discussed above, there is probable cause to believe that the defendant violated multiple provisions of state law while on pre-trial release, and clear and convincing evidence that he violated the terms of his pre-trial release. Thus, this Court should consider the factors set forth in 18 U.S.C. § 3142(g) to evaluate whether, based on these facts, there is no condition or combination of conditions that will assure that he will not pose a risk to the community. Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Each of these factors support detention. In addition, the defendant should be detained

because he is unlikely to comply with any condition or combination of conditions of release, as demonstrated by his conduct related to his state law violations.

*Analysis of 18 U.S.C. § 3142(g) Factors*

First, the defendant was charged with serious felony and misdemeanor violations, including obstruction of proceedings and destruction of property, for his actions on January 6, 2021. The statement of facts sets forth the defendant's conduct in detail, and is incorporated by reference. *ECF No. 1, Statement of Facts*. The defendant's actions are notable in that they included the destruction of property in the media staging area. Specifically, he was charged with picking up and slamming down multiple pieces of media equipment that belonged to media outlets, outside the U.S. Capitol on January 6, 2021. *See ECF No. 1, ¶¶ 13-15*. In addition, the defendant assisted two other individuals in forcibly removing an air-conditioning unit from outside the U.S. Capitol and dropping it to the ground. *Id. ¶ 17*. The defendant also entered the U.S. Capitol and took photographs showing him in a room within the Capitol and in the Crypt. *Id. ¶¶ 23-25*. The defendant bragged about his actions to others on that date, including destroying the media equipment. *Id. ¶¶ 27-28*.

Second, the weight of the evidence against the defendant is strong, as is demonstrated by the multiple photographs and videos of him participating in the insurrection at the U.S Capitol. The evidence that he violated state law is also strong, and is supported by the sealed exhibit outlining the facts that led to his arrest in Alleghany County, Virginia. (This exhibit is filed separately under seal because it is still sealed as part of the state case).

Third, the history and characteristics of the defendant demonstrate a disregard for the rule of law that implicates the seriousness of the defendant's threat to the safety of the community and to other persons. As indicated in the statement of facts, he engaged in destructive conduct at

the U.S. Capitol on January 6. As further demonstrated in the sealed exhibit, he engaged in a lengthy pattern of abusive conduct, including as recently as July 27, 2021, during the time he was subject to home incarceration in this case. He has a history of violence, as shown by his conviction in 2015 for assault and battery (family), for which he received 12-months' imprisonment (with 11 months suspended). *ECF No. 8 (Pre-Trial Services Report)*.

### III.   CONCLUSION

Wherefore, the government respectfully requests that this Court issue an arrest warrant for defendant Haynes pursuant to 18 U.S.C. § 3148(b), for violating his pre-trial release, revoke his pre-trial release order, and detain him pending trial in this matter.
.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY
        D.C. Bar No. 415793

By:   */s/ Jennifer L. Blackwell*
        Jennifer Leigh Blackwell
        Assistant United States Attorney
        D.C. Bar No. 481097
        555 4th Street, N.W.
        Washington, D.C. 20530
        Phone: (202) 803-1590
        Jennifer.blackwell3@usdoj.gov

Dated:   August 6, 2021

CERTIFICATE OF SERVICE

On this 6th day of August, 2021, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

/s/ *Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
Assistant United States Attorney